IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3130-FL

| | | |
|---|---|---|
| HARRIS EMANUEL FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANETTE STRICKLAND, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915.

## BACKGROUND

Plaintiff brings this § 1983 action against Nanette M. Strickland ("Strickland"), an inmate trust account officer at Tabor Correctional Institution ("Tabor"), arising out of a request that $100.00 be taken from plaintiff's inmate trust account and sent to his wife Vicky Thompson ("Thompson"). Plaintiff originally initiated the instant transfer request on August 10, 2014, by submitting a request form to his unit manager Brandon McKoy ("McKoy"). (Compl. ¶ IV). McKoy, in turn, signed the form, and plaintiff placed it in the designated drop box. (Id.) After hearing no response to his request for three days, plaintiff decided not to proceed with the transfer and submitted a request directly to defendant Strickland asking that Strickland not process the $100.00 deduction from his inmate trust account. (Id. and Attach. p. 4). On August 20, 2014, defendant Strickland provided the following response: "According to our records no request has been received for a money order from you as you refer above." (Id.) Plaintiff then submitted two additional requests to terminate the

transaction, and defendant Strickland again informed plaintiff on August 26, 2014, that Strickland had not received any funds transfer requests from plaintiff. (Id. Attach. p. 5).

Then, on September 4, 2014, defendant Strickland issued a personal money order to Vicky Thompson in the amount of $100.00, from plaintiff's inmate trust account. (Id. p. 7). That same day, plaintiff submitted an inmate request form stating the following: "I wrote and explained I did not want any money taking (sic) from my account you wrote me back and stated you did not receive any request. So why did you sent 100.00 out of my account? And I want a copy of the request you used to process the money order. . . ." (Id. p. 8). Defendant Strickland responded as follows: "According to our records there was a 2 week space between your request asking if money order was received, answer + processing. Therefore, money order request with invoice and your signature was processed. When trust fund does not have your request unit manager is your next contact to be sure it can be tracked down." (Id.) Plaintiff states that Vicky Thompson never received the $100.00 from plaintiff. (Compl. ¶ IV).

On October 3, 2014, plaintiff filed a grievance regarding the issue. (Compl. Attach. p. 9). Prison officials provided the following response:

> According to our records 3 inmate request forms were received concerning a money order request. Answer to inmate requests were the same, no money order request has been received. (attached with date & answer) Money order request was received on 9/2/14, with inmate Harris Ford's signature and unit manager's approval signature. Money order was processed due to time frame between questioning the receipt of the money order and actually receiving the paper work. You should have checked with the unit manager upon receiving the response of money order request has not been received. Per bank copy Vicky Thompson has cashed the money order. Therefore to receive your money back you should contact Vicky Thompson. No further action is needed.

(Id. p. 8).

2

Plaintiff states that the alleged mishandling of his request for funds resulted in his wife, Vicky Thompson, and children being evicted from their home. (Id. ¶ IV). As a result, Vicky Thompson then had to place all of her property in storage so that plaintiff's family could move in with his mother-in-law. (Id.) Vicky Thompson incurred loans in the amount of $7,700.00 to facilitate this process. Id. As relief, plaintiff requests a court order directing "defendant to replace [his] 105.00 with interest; reimburs[e] [him] the filing fee; reimburs[e] 7, 700.00 to repay [his] brother the money he loaned [plaintiff]; and 200,00.00 for violating [plaintiff's] due process rights. And/or depriving [plaintiff] the use of [his] money by intentional negligence and/or fraud." (Id. ¶ V).

## DISCUSSION

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of

3

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

A.      Eighth Amendment

The court begins with plaintiff's contention that the 27-day delay in processing his $100.00 funds transfer request violated his rights pursuant to the Eighth Amendment to the United States Constitution. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted).

Deliberate indifference "sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "[D]eliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence, however, is insufficient to state a constitutional claim. See Shakka, 71 F.3d at 166.

4

Here, plaintiff has not plead sufficient facts reflecting that defendant Strickland engaged in any intentional misconduct or that she deliberately disregarded any instructions from plaintiff. Rather, plaintiff's own filings reflect that there was confusion in the delayed receipt and processing of plaintiff's trust fund deduction request. (See Compl. Attach. pp. 4-7). At most, plaintiff alleges that defendant Strickland acted with negligence, which is not actionable pursuant to § 1983. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Coleman v. Poff, 497 F. App'x 337, 338 (4th Cir. 2012) ("[N]egligence or medical malpractice is insufficient to establish deliberate indifference . . . .") (citations omitted); see White by White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notices."). Thus, plaintiff's negligence claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   Due Process Clause

The court next turns to plaintiff's allegation that his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated when defendant Strickland processed plaintiff's $100.00 deduction request. To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Even if plaintiff had a liberty interest in the funds deposited in his trust fund account, he still has not demonstrated any due process violation because defendant Strickland's alleged negligence in connection with the transaction does not implicate the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 328 & n.3 (1986). Further, plaintiff had the opportunity to contest the allegedly erroneous deduction through the prison grievance process. See Johnson v. Ozmint, 567 F. Supp.2d

5

806, 823 (D.S.C. 2008); Elliott v. Simmons, 100 F. App'x 777, 779 (10th Cir. 2004) (finding prison grievance procedures sufficient to satisfy procedural due process for erroneous assessments on inmate account); (Compl. Attach. pp. 1, 9). Finally, plaintiff has an adequate post-deprivation remedy for any alleged deprivation of property under North Carolina law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that intentional deprivations of property by government employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008). Thus, plaintiff fails to state a procedural due process claim, and this claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As for substantive due process, the Fourth Circuit defines it as "an absolute check on certain governmental actions notwithstanding the fairness of the procedures used to implement those actions." Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Virginia, 135 F.3d 275, 287-88 (4th Cir. 1998) (internal quotation omitted). The substantive due process check "is warranted only where no process could cure the deficiencies in the governmental action . . . In other words, governmental action offends substantive due process only where the resulting deprivation of life, liberty, or property is so unjust that no amount of fair procedure can rectify it." Id. In this case, the court does not find the alleged deprivation so unjust as to be incapable of avoidance by any procedural protections. Moreover, as stated, post-deprivation state remedies are available to plaintiff. Thus, plaintiff has not alleged a substantive due process violation, and this claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6

C.  Failure to Follow Grievance Procedure

To the extent plaintiff asserts that defendant Strickland failed to follow the proper grievance procedures, plaintiff fails to state a claim because he does not have a constitutional right to have available or to participate in an effective grievance process. See Adams, 40 F.3d at 75; see also, Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75. Thus, plaintiff failed to state a due process claim, and this claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

On a related note, to the extent plaintiff contends that defendant Strickland failed to follow DPS's policies and procedures with respect to the way the deductions from plaintiff's inmate trust account were made, this claim fails. Generally, the mere violation of a prison regulation by itself does not rise to the level of a constitutional violation cognizable under § 1983. Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (stating that prison regulations are primarily designed to guide correctional officials in the administration of a prison and not designed to confer rights on inmates); Weller v. Dep't of Social Servs., 901 F.2d 387, 392 (4th Cir. 1990); see also, Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citation omitted)). Therefore, this claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7

## CONCLUSION

In summary, plaintiff's claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 17th day of January, 2017.

LOUISE W. FLANAGAN
United States District Judge